IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES TRASK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12 C 4048 |
| | ) |
| NEW YORK LIFE INSURANCE | ) |
| COMPANY and AARP OPERATIONS, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM ORDER

James Trask Jr. ("Trask") has filed a self-prepared Complaint against New York Life Insurance Company ("New York Life") and AARP Operations ("AARP"), advancing a claim relating to New York Life's insurance policies that had insured Trask's now deceased wife Wauconda Trask. This memorandum order is issued sua sponte because of a number of gaps in the Complaint that need to be filled before it can be determined whether this District Court has subject matter jurisdiction over Trask's claim.

To begin with, this Court assumes that Trask is seeking relief in this District Court based on diversity of citizenship – but if so, he has failed to identify the citizenship of any of the parties (and as to "AARP Operations" he has failed to indicate what type of entity it is – that in turn will tell what facts as to its state or states of citizenship may be relevant). Moreover, the Complaint says nothing at all about the amount in controversy, which is also an essential element in determining the existence of diversity jurisdiction.

In addition, Complaint ¶4 gives no indication of the date on which the previously-lapsed policy (see Complaint ¶3) was reinstated, nor any indication as to the nature of the allegedly false information that was given to Wauconda Trask at that time. That information is needed

both to determine the timeliness of Trask's claim and to see whether he has advanced a colorable claim.

With Trask having failed in his obligation to confirm the existence of federal subject matter jurisdiction, this Court could well dismiss the Complaint without prejudice. But it has no desire to impose on Trask the obligation to pay a second $350 filing fee if the defects spoken of here prove to be curable. Accordingly Trask is granted until June 15, 2012 to amend the Complaint (or to file a self-contained Amended Complaint), failing which this Court would be obligated to dismiss this action because of the failure to establish federal subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 30, 2012